The Chief Justice
delivered the opinion of the court.
One of the reasons on which the defendants in this case have moved for a new trial is, that a deed from Isaiah Thomas and wife, to William Watson, bearing date on the 26th November, 1805, which was produced and read by the plaintiff, was unlawfully admitted in evidence ; the acknowledgment not having been made before a competent officer.
The acknowledgment was taken on the 24th February, 1806, by Jonathan B. Smith, one of the associate judges of the Court of Common Pleas of the city and county of Philadelphia. By our statute, at that time in force, if the party executing any deed or conveyance of lands did not reside in the state, but in some other state of the Union, the acknowledgment might be made before certain judicial officers of the *157 United States, “or any judge or justice of the supreme or superior court, of any state in the Union.” Rev. Laws 459, sec. 5. The inquiry now is, whether Jonathan B. Smith was a judge or justice of the Supreme or Superior Court of the state of Pennsylvania. If *he was, the acknowledgment is valid. If he was not, the deed was erroneously admitted in evidence.
In looking into the provision of the statute, the intention of the legislature to confine the authority to take acknowledgments to a few officers in each state, and those of a superior -grade, is obvious. It was wise; as no certificate, save their own, to verify their judicial character, was requisite, the authority was properly limited to such as might most probably be known here by reputation or otherwise, and from whom, by reason of their stations, caution and circumspection and correctness, might justly have been expected. In construing the section, the word “ the ” introduced before the word “ Superior,” will correspond with the meaning of the legislature, the supreme or the superior Court of any state. The meaning will be incorrectly expressed if the article “ a ” is used, the supreme or a superior court. It is farther obvious that the authority is limited to the members of a single court in each state. The language is not, any court, nor even, any superior court, but the superior court of any state, pointing manifestly to a single court in a state, and that of a distinct character. It should be recollected, also, that this statute was enacted in a state where there is a supreme court of the state, and a court of common pleas for each county; and that while in many of the states, a supreme court was established, the court of correspondent grade, in some of them, was called the superior court. In the State of Pennsylvania, when the acknowledgment in question was made, there was a court called “ The Supreme Court of Pennsylvania.” There can be no doubt that this is the court, to whose justices or judges, the authority to take acknowledgments was con *158 fided. Uow, Jonathan B. Smith was not a judge of that court. And if I am correct in my position that to the members of one state court only, in each state, was the authority granted, it is not necessary to look further to decide on the validity of tlie acknowledgment in question. But to remove, if possible, all doubt, let us inquire if the Court of Common Pleas of the city and county of Philadelphia, of which he was a member, can be brought within the description of a superior court of the state of Pennsylvania. In each of the several counties of the state was a court of the same name and of co-ordinate grade and jurisdiction. Each had territorial jurisdiction over a county. They had a general jurisdiction over matters of a civil nature, excepting, however, those powers, commonly denominated superintending, and which serve strongly to characterize a superior court, and which were there vested in the Supreme Court. But with such jurisdiction, it by no means follows they can properly be called superior courts. They are subordinate to the Supreme Court, to which a writ of error lies, and although they may entertain appeals from justices’ courts, yet this power will not give them the character claimed for them. The Courts of Common Pleas of our own state review the proceedings of the courts for the trial of small causes, and have very extensive jurisdiction; as to amount, unlimited ; yet we may not call them Superior Courts of the state or any one of them a Superior Court of the state and much less the superior court of the state. It would probably be a surprise to the people of Pennsylvania to be informed by a judicial decision from this bench, that they had there, upwards of fifty Supreme or Superior Courts, one in each county.
On and before the 24th February, 1806, the Supreme Court had original jurisdiction of civil causes in the city and county of Philadelphia. This jurisdiction was taken away by an act of that date, which remained in force until March, 1810, when it was restored, where the matter in controversy was of the value of five hundred dollars and upwards.
*159 From this view of the subject it appears to me that Jonathan B. Smith was not a judge or justice of the supreme or superior court of the state of Pennsylvania, and, therefore, was not authorized to take the acknowledgment in question.
On the part of the plaintiff it was insisted that if the acknowledgment is not sufficient, yet that, since the trial, the deed has been duly proved by the oath of a subscribing witness, as appears by a certificate indorsed upon it, and is now competent evidence; and that in the sound exercise of the discretion confided to us, we ought not, therefore, to grant a new trial.
This argument would have much force if the certificate of the proof of the deed was conclusive. It is, however, only prima facie evidence of the due execution of the instrument. Being necessarily exparte, the party to be affected by the deed is *allowed to question its validity, and the force and effect of the formal proof. The facts stated by the witness may be controverted. The language of our statute is, that the deed shall be received in evidence, as if produced and proved, and inasmuch as if so, counter evidence might be produced, it follows that the certificate of proof is liable to be contested; Lambert v. Lambert and others; by Chancellor Williamson, July term, 1827; Jackson v. Ingraham, 4 John. 162. If the defect existing at the trial were now cured by conclusive proof, little could be gained by a new trial. But if the proof now offered is still open to be controverted, the party to be affected by it ought not to be denied the privilege and opportunity of doing so. It may be said the privilege would be of little service and the controversy next to hopeless, in a case like the present. It may be so, but the principle on which we are bound to act is not, I think, therefore altered. The Supreme Court of New York have recognized and acted on this distinction. In Duncan v. Dubois, 3 John. cases 125, a private act of Congress was read from the common statute book, and on *160 the motion for new trial, an exemplification being produce^ a new trial was refused, because the defect of the testimony was supplied. In Watson v. Delafield, 2 Caines 225, the plaintiff offered affidavits and papers, not used on the trial, to supply defects of the testimony in points where the defendant relied on its insufficiency; and argued that the application was to the discretion of the court, and if the facts were established, it would be useless to award a new investigation. But the court refused to hear them read, saying they were called on to prevent controverting what was controvertible, and that everything contained in them might be disproved on a trial.”
Another reason assigned for setting aside the verdict in the present case, that a deed of appointment of a new trustee in the stead of Bloomfield Mcllvaine, dec’d, executed by Joseph Read and Chandler Price was unlawfully admitted in evidence, although duly acknowledged and recorded, because it is said not to be one of those instruments which are made competent evidence by due acknowledgment.
On this subject, it may be only useful to inquire and express an opinion, if the cause is again to be carried' down to trial. The statute authorizes the acknowledgment of “ any deed or Conveyance of lands, tenements or hereditaments lying and being within this state.” The policy of the statute is wise and beneficial; to render more easy the proof of muniments of title; and a liberal construction therefore should be adopted, not indeed extending it by any supposed equity, but not constraining it by a rigorous measure. If this instrument had legal efficacy and produced the effect for which it was intended, it may be fairly deemed within the term “ a conveyance of lands.” Before its execution the legal title to the lands mentioned in it was in the heirs of Bloomfield Mcllvaine. After its delivery, fhe title was vested in Edmund 0. Watmough. The trans *161 ffer and transmission were effected by this instrument. It was then, I think, properly acknowledged and legally admitted in evidence as a conveyance of lands.
The verdict in this case I am of opinion should be set aside and a new trial granted.
Ford, J., and Drake, J., concurred.